In the Matter of the Application of THE CITY OF NEW YORK, Petitioner, for an Alternative Prohibition Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and JAMAICA WATER SUPPLY COMPANY, Defendants.*

Supreme Court, Special Term, Albany County, February 17, 1936.

*Paul Windels, Corporation Counsel [Joseph L. Weiner and Henry R. Bright of counsel], for the petitioner.*

*Charles G. Blakeslee,* for the defendant Public Service Commission.

*Cullen & Dykman [Jackson A. Dykman of counsel],* for the defendant Jamaica Water Supply Company.

BERGAN, J.   The petitioner, The City of New York, applies for an alternative order of prohibition directing the defendants, constituting the Public Service Commission, and the Jamaica Water Supply Company " to desist and refrain from any proceedings and determinations with respect to rates for hydrant services in case No. 8356, under the order of the Public Service Commission of the 2nd day of October, 1934."

It is contended by the petitioner that the Public Service Commission is without jurisdiction to fix rates for hydrant services rendered by the defendant Jamaica Water Supply Company, or any other private water corporation, to the city, and that the commissioner of water supply, gas and electricity of the city has,

---

* Affd., —— App. Div. ——.

within the provisions of the Greater New York Charter, sole jurisdiction to make rates and contracts for services rendered by private water corporations to public and private water consumers in the city.

The defendants urge that the Public Service Commission is vested with jurisdiction to determine the water rates in question under article 4-B of the Public Service Law (added by chapter 715 of the Laws of 1931), and that in all events prohibition is not the remedy pertinent to the relief here sought.

Prohibition lies, however, in instances where the Public Service Commission is presently acting, or about to act, in matters beyond its jurisdiction. (*Matter of Quinby* v. *Public Service Commission*, 223 N. Y. 244; *Matter of City of New York* v. *Prendergast*, 202 App. Div. 308.)

Although the petition asks that the defendants refrain from any proceeding or determination in respect to the rates at issue, as though the rates were yet in the process of determination by the Commission and the proceedings relating thereto were still pending before it, the answering affidavit of the defendant Jamaica Water Supply Company and the certified copy of the order of the Commission filed with the court show conclusively that the order determining the rate which concluded the proceedings before the Commission had been made and filed prior to the verification of the petition in this proceeding, and hence prior to its commencement.

By an order of October 2, 1934, the Commission instituted an investigation into the rates charged for water sold by the Jamaica Water Supply Company. The petitioner contends that it did not appear in this proceeding in such manner as to submit to the jurisdiction of the Public Service Commission. It is clear, however, that the city had notice of the scope of the investigation and of the fact that the Commission was considering both the rate to private consumers and the rate for public fire protection, known as the hydrant service. On December 27, 1934, the commissioner of water supply, gas and electricity of the city notified the water company that he had fixed the rental for hydrant service to be furnished by the company at eighteen dollars and fifty cents per hydrant per annum. The Public Service Commission, at the conclusion of its investigation commenced in October, 1934, and by an order dated January 23, 1936, determined that forty dollars per hydrant annually was a just and reasonable rate. The petition in this proceeding was verified the following day and on the same day the order to show cause upon which this proceeding was commenced was signed.

Although the city was aware that the hydrant rates were within the scope of the investigation undertaken by the Public Service Commission, it made no objection and sought no remedy and not until the inquiry and the determination based upon the inquiry were complete did it commence this proceeding. There seems to me to be no longer any act or determination to prohibit. The Public Service Commission has acted, and its determination has been made.

The petition of the city is not now timely, for it would be empty and futile to attempt to prohibit what has in fact been done. If the Commission exceeded its jurisdiction, relief must be sought in some appropriate action or proceeding where the validity of the consummated act of the Commission may be tested.

" If the thing is already done," says Dean Fiero in Particular Actions and Proceedings (4th ed., p. 2773), " it is manifest that prohibition cannot undo it, for that would require an affirmative act, and the only effect of a prohibition is to suspend the action and to prevent any further proceedings in the prohibited direction."

To this effect see *United States* v. *Hoffman* (71 U. S. [4 Wall.] 158); *People ex rel. Gould* v. *Commissioners of Excise* (61 How. Pr. 514).

The application for an alternative order of prohibition is denied, without costs.

Submit order.