THE CITY OF NEW YORK, Plaintiff, *v.* MILO R. MALTBIE, Chairman, and Others, Constituting the Public Service Commission of the State of New York, and Another, Defendants.*

Supreme Court, Special Term, Albany County, April 28, 1936.

* Affd., 248 App. Div. 39

*Paul Windels, Corporation Counsel* [*Joseph L. Weiner* and *Henry R. Bright* of counsel], for the plaintiff.

*Sherman C. Ward* [*John J. Donohue* of counsel], for the defendants constituting the Public Service Commission.

*Cullen & Dykman* [*Jackson A. Dykman* of counsel], for the defendant Jamaica Water Supply Company.

BERGAN, J.   The city of New York seeks in this action a declaratory judgment against the defendants adjudicating that the Public Service Commission is without jurisdiction to fix, investigate or regulate rates for hydrant service rendered to the city by the defendant Jamaica Water Supply Company, and declaring null and void an order heretofore made by the Public Service Commission fixing and establishing such hydrant rate.   Further relief is sought by a judgment enjoining the defendants from enforcing the rate fixed by the Commission.

The defendants move to dismiss the complaint under rule 106 of the Rules of Civil Practice on the ground that it does not state a cause of action.

An application heretofore made by the city for a peremptory order of prohibition against these defendants has been denied by the Special Term upon grounds which did not involve a consideration of the conflict of jurisdiction between the city and the Public Service Commission with regard to these rates.   (*Matter of City of New York* v. *Maltbie,* 158 Misc. 439.)   The object of this action is to reach a determination of the respective powers of the commissioner of water supply, gas and electricity of the city and the Public Service Commission.

Under the express provisions of section 472 of the Greater New York Charter, the commissioner of water supply, gas and electricity of the city of New York is invested with jurisdiction to " exercise superintendence, regulation and control " of the rates charged by " any private companies supplying the city of New York or any portion thereof or its inhabitants with water."   It is further provided that in case of a controversy, the question of what is just and reasonable " shall be finally determined as a judicial question on its merits by a court of competent jurisdiction."   These charter provisions, in substantially their present form, antedate the creation of the Public Service Commission.

By chapter 715 of the Laws of 1931 the Public Service Commission was invested with jurisdiction over private water works corporations, including the determination of fair rates.

The statute is similar in text, and in the scope and manner of exercise of the powers conferred, to the previously existing delegation of powers to the Public Service Commission in respect to certain other public utility corporations.

It is urged by the plaintiff, however, that by the express provisions of the statute conferring jurisdiction over private water works corporations, the Public Service Commission was not granted jurisdiction to determine a rate for service furnished to a municipal corporation. This limitation is said to be found in subdivision 10 of section 89-c of the Public Service Law, which is included in article 4-B, added by chapter 715 of the Laws of 1931. It is there provided that " this subdivision shall not apply to State, municipal or Federal contracts."

This, however, is not a general exclusion of jurisdiction by the Public Service Commission over rates charged by a private water works corporation to a municipal corporation, unless there be actually in existence a contract between them fixing the rate. The complaint does not allege the existence of such a contract. The citation by the plaintiff of *City of New York* v. *New York Edison Co.* (196 App. Div. 644), as a construction of the identical language of subdivision 12 of section 66 of the Public Service Law, relating to electricity, is not helpful. This point was not there decided.

Section 89-l of the Public Service Law relates to municipal water supply systems and to the furnishing of water by a municipality, and the exception provided therein does not relate to the service provided by private water works corporations to a municipality.

Unless, therefore, exclusive power to fix the rates for water service between a private water company and the city rests elsewhere by virtue of a valid delegation of legislative power, the Public Service Commission has been vested with jurisdiction to fix and determine rates for water service between the city of New York and the Jamaica Water Supply Company in the absence of an existing contract between them.

It remains to determine whether the amendment of 1931 to the Public Service Law operated to repeal the charter provisions, and, if it did not so operate, whether those charter provisions are a valid delegation of the rate-making power to the municipal commissioner.

The provisions of chapter 715 of the Laws of 1931 should probably not be construed as repealing the provisions of sections 471 and 472 of the Greater New York Charter. The legislative intent in the enactment of the charter seems to have been that the repeal of any of its provisions should not result by mere implication

from inconsistent subsequent enactments, but that the repeal shall be evidenced by express provision or unless an "intent to that effect is unmistakable." (Greater New York Charter, § 1618.) In *People ex rel. N. Y., N. H. & H. R. R. Co.* v. *Wilcox* (200 N. Y. 423, 429) the court said with respect to the public health provisions of the charter that "there should be very precise language of repeal, or such apparent repugnance, and inconsistency, in the provisions of the Public Service Commissions Law as to require those of the charter to yield to them, as a later law." No such compelling inconsistency is here apparent.

The question is thus squarely presented whether the commissioner of water supply, gas and electricity of the city of New York has jurisdiction to fix the rate at which the defendant Jamaica Water Supply Company shall supply water for hydrant service to the plaintiff, or whether the Public Service Commission, under the powers conferred by article 4-B of the Public Service Law, has exclusive power to fix such rates.

It has been said that the commissioner under the charter is not vested with jurisdiction to fix the rates of private water works corporations. (*City of New York* v. *Citizens' Water Supply Co.*, 199 App. Div. 169, 171.) It was there said: "It is not consistent with the principles of a constitutional government to confer upon a commissioner the power to fix charges and rates of public service corporations, without accompanying such grant of power with the necessary incidental power of investigation in order that rates may be fixed upon evidence and reason and not by an arbitrary exercise of irresponsible power. No such power of investigation is conferred on the commissioner of water supply."

It follows that the Legislature may not delegate a rate-making power unless it clearly evidences such an intention and sets up and requires to be used in the exercise of the delegated power, machinery for investigation and full and adequate determination of the respective rights of parties affected by the rate to be fixed. (*Interstate Commerce Commission* v. *Cincinnati, New Orleans, etc., R. R. Co.*, 167 U. S. 479; *Village of Saratoga Springs* v. *Saratoga Gas, Electric Light & Power Co.*, 191 N. Y. 123.)

The provision contained in the charter for a judicial review does not cure the evil of such an omission.

The complaint discloses merely that the commissioner of water supply, gas and electricity suspended a previously existing hydrant rate between the city of New York and the Jamaica Water Supply Company and that "on or about the 27th day of December, 1934, the said commissioner fixed and offered a hydrant rate" to the defendant Jamaica Water Supply Company. Not only does the

charter itself attempt to invest such commissioner with arbitrary power to fix rates, but it is apparent from the complaint that he exercised such power without investigation or hearing.

In so far as the provisions of sections 471 and 472 of the Greater New York Charter attempt to delegate to the commissioner of water supply, gas and electricity of the city of New York a power to fix rates for water service in the manner therein provided, they constitute an invalid delegation of power. Whether these provisions are construed as an authorization, in the absence of contract, to fix the rates for service by private water works corporations to the municipality itself, or to individual consumers, is indistinguishable in principle.

The provisions of the Public Service Law conferring upon the Public Service Commission power to determine rates in accordance with the procedure therein provided apply, under the circumstances here, to service furnished by the Jamaica Water Supply Company to the city of New York for hydrant service.

This conclusion having been reached, it is unnecessary to determine the other objections that have been raised as to the sufficiency of the complaint. The complaint is dismissed.

Submit order.