In the Matter of CITY OF NEW YORK, Appellant, against NEW YORK WATER SERVICE CORPORATION, Respondent.

Argued March 1, 1937; decided April 27, 1937.

*Paul Windels, Corporation Counsel* (*Herman Horowitz* and *Joseph L. Weiner* of counsel), for appellant. Section 472 of the charter of the city of New York (L. 1901, ch. 466) has not been repealed, and the appropriate remedy is mandamus. (*City of New York* v. *Jamaica Water Supply Co.*, 181 App. Div. 49; 226 N. Y. 572; *People ex rel. City of New York* v. *Queens County Water Co.*, 232 N. Y. 277; *City of New York* v. *Maltbie*, 159 Misc. Rep. 276; 248 App. Div. 39; *People ex rel. N. Y., N. H. & H. R. R. Co.* v. *Willcox*, 200 N. Y. 423.) The Public Service Law (Cons. Laws, ch. 48) creates no new remedy for the enforcement of section 472 of the charter. (*People ex rel. City of New York* v. *Queens County Water Co.*, 232 N. Y. 277; *People ex rel. City of New York* v. *Belt Line Ry. Corp.*, 230 N. Y. 86.) Section 472 of the charter is constitutional. (*City of New York* v. *Jamaica Water Supply Co.*, 181 App. Div. 49; 226 N. Y. 572; *People ex*

rel. *City of New York* v. *Queens County Water Co.*, 232 N. Y. 277; *Health Department* v. *Trinity Church*, 145 N. Y. 32; *Chicago, B. & Q. R. Co.* v. *Nebraska*, 170 U. S. 57; *Bragg* v. *Weaver*, 251 U. S. 57; *Matter of City of Rochester* v. *Holden*, 224 N. Y. 386; *Sears* v. *City of Akron*, 246 U. S. 242.)

*William M. Wherry, Cyril Hyde Condon, James C. Forsyth, Russell H. Neilson* and *Henry S. Ferriss* for respondent. The remedy sought by the city in the first instance for a peremptory mandamus order does not lie, by reason of the fact that the city has not exhausted its available and adequate remedy provided by article 4-B of the Public Service Law. (*Matter of Towers Corp.* v. *Thatcher*, 271 N. Y. 94; *Matter of Burr* v. *Voorhis*, 229 N. Y. 382; *Matter of Cullen* v. *New York Tel. Co.*, 106 App. Div. 251; *People ex rel. Nicholl* v. *New York Infant Asylum*, 122 N. Y. 190; *City of New York* v. *Empire City Subway Co.*, 202 App. Div. 494; *Matter of Carroll Realty Corp.* v. *New York Edison Co.*, 141 Misc. Rep. 266; *City of New York* v. *New York Edison Co.*, 196 App. Div. 644; *Town of West Rutland* v. *Rutland Ry., Light & Power Co.*, 96 Vt. 413; *Baltimore & Ohio R. Co.* v. *Pitcairn Coal Co.*, 215 U. S. 481; *Loomis* v. *Lehigh Valley R. R. Co.*, 240 U. S. 43; *Texas & Pacific R. Co.* v. *Abilene Cotton Oil Co.*, 204 U. S. 426.) Section 472 of the charter, in so far as it purports to authorize the Commissioner of Water Supply, Gas and Electricity to require respondent to make extensions to its distribution system without notice and without a hearing, is unconstitutional and void. (*City of New York* v. *Citizens Water Supply Co.*, 199 App. Div. 169; *City of New York* v. *Maltbie*, 159 Misc. Rep. 276; *New York Edison Co.* v. *Maltbie*, 271 N. Y. 103; *Oregon R. R. & Navigation Co.* v. *Fairchild*, 224 U. S. 510; *Chicago, M. & S. P. R. R. Co.* v. *Board of Railroad Comm.*, 76 Mont. 305; *Southern R. R. Co.* v. *Virginia*, 290 U. S. 190.)

LOUGHRAN, J. This is a mandamus proceeding. The city of New York is the petitioner. Defendant is a "water-works corporation" and the owner of a "water system" which it operates for the sale and distribution of water for domestic, commercial and public uses. (See Public Service Law [Cons. Laws, ch. 48], § 2, subds. 26, 27.) It serves a section of the fourth ward of the borough of Queens, city of New York, known as Woodhaven, and there furnishes water to the city for fire protection, street flushing and like purposes. No express contract regulates this service.

Beginning in 1927 the Commissioner of Water Supply, Gas and Electricity of the city repeatedly directed the defendant to install additional water mains of specified sizes in designated streets "so that an adequate and more reliable supply of water for fire protection would be provided in the Woodhaven area." Although no claim was made by the defendant that these reinforcements of its distribution plant would be unwarranted or excessive, the direction therefor remained substantially unexecuted on July 18, 1936. On that date the city applied for a peremptory order of mandamus to compel obedience by the defendant. The application was granted by the Supreme Court at Special Term and denied at the Appellate Division. The city now appeals to this court.

At the time in issue, section 472 of the Greater New York Charter (Laws of 1901, ch. 466) provided: "The commissioner of water supply, gas and electricity is hereby authorized to examine into the sources of water supply of any private companies supplying The City of New York or any portion thereof or its inhabitants with water, to see that the same is wholesome and the supply is adequate, and to establish such rules and regulations in respect thereof as are reasonable and necessary for the convenience of the public and the citizens; and the said commissioner may exercise superintendence, regulation and control in respect of the supply of water by such water companies * * *." This provision, as heretofore construed by this court,

empowered the Commissioner to give the direction for extensions of the defendant's equipment and imposed upon the defendant a duty to comply. (*People ex rel. City of New York* v. *Queens County Water Co.*, 232 N. Y. 277.) It followed, in the opinion of the Special Term, that the city was entitled to have the court exact submission by the defendant.

The Appellate Division was of opinion " that mandamus is not the proper remedy in the first instance as there is another specific and adequate remedy available to the petitioner, namely, that provided by article 4-B of the Public Service Law " (249 App. Div. 787), and that cases decided before the enactment of that article in 1931 (L. 1931, ch. 715) were without application. Accordingly, the order of the Special Term was reversed on the law and not in the exercise of discretion. We are unable to agree to this disposition of the issue.

" No higher police duty rests upon municipal authority than that of furnishing an ample supply of pure and wholesome water for public and domestic uses. The preservation of the health of the community is best obtained by the discharge of this duty, to say nothing of the preservation of property from fire, so constant an attendant upon crowded conditions of municipal life. If a municipality elect to contract with another for the discharge of this function, it is under the greatest obligation to require that the contractor shall engage to construct and maintain adequate means and furnish an adequate supply, in quality and quantity, to at all times meet the public necessity." (*City of Columbus* v. *Mercantile Trust & Deposit Co.*, 218 U. S. 645, 658, 659.) This was the essential governmental function expressly conferred upon the city of New York by the foregoing provision of section 472 of its charter. By that charter it is explicitly declared that none of its provisions is to be deemed to be repealed or amended " unless it be so expressly stated, or the legislative intention to that effect is unmistakable." (§ 1618.) We do not suppose that

this rule of statutory construction was repudiated when thereafter article 4-B of the Public Service Law was enacted.

The provisions of that article are analyzed in the opinion of Judge HUBBS in *City of New York* v. *Maltbie* (274 N. Y. 90), decided herewith. For the purposes of the present case, it is enough to say that nowhere in those provisions can we discover an unmistakable legislative intention thereby to repeal the foregoing provision of section 472 of the charter of the city. In this aspect, the defendant reads these statutes as we do. In their brief its counsel say that it " does not claim that it is subject exclusively to the jurisdiction of the Public Service Commission; neither does it claim that the Commissioner of Water Supply has no powers whatever with respect to water companies."

For what remedy, then, is the city first to apply to the Public Service Commission? Not for a determination of the fire protection requirements of the Woodhaven territory. The City Commissioner has settled that matter, even if it be assumed (and we do not so decide) that the Public Service Commission has in that regard a concurrent jurisdiction which it could here have exercised in the first instance. Nothing else is presently in controversy between the parties. The Public Service Commission is not to order the defendant to conform to the direction of the City Commissioner. The Public Service Commission has no power to issue such a mandate. That function is the function of the court. In a word, the Public Service Commission has here no jurisdiction at all.

It is maintained by the defendant that the foregoing provision of section 472 of the charter of the city over-runs constitutional limitations upon legislative power. This contention has been compressed into a single sentence: " The specific constitutional defect in section 472 of the Greater New York City charter * * * is the lack of any provision for notice, a hearing and the compilation of a reviewable record, and, therefore, the dele-

gation of police power to the Commissioner of Water Supply, Gas and Electricity to regulate the business of private water companies is unconstitutional." At this point again, the argument disregards the quality of the charter provision. In a situation so fraught with peril to a large part of its population, summary action by the city is the thing demanded. A hearing before its administrative official in the first instance is not indispensable. This was in fact decided in *People ex rel. City of New York* v. *Queens County Water Co.* (*supra*), where also it was pointed out that the city must make reasonable compensation for services so commanded.

We agree with the Special Term that on both points the case is disposed of by the authority last cited.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division. ·

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.