In the Matter of the Application of STEPHEN OSTROFF, Petitioner, Respondent, for an Order against LEWIS J. VALENTINE, Commissioner of Police of the City of New York, Appellant.

First Department, June 16, 1939.

*David I. Shivitz* of counsel [*William C. Chanler, Corporation Counsel*, attorney], for the appellant.

*Joseph Tauber*, for the respondent.

GLENNON, J. The petitioner has been licensed to drive a taxicab in the city of New York since 1924. His license was revoked by the police commissioner on November 14, 1938. This proceeding was instituted to review that determination. An order was entered at Special Term directing the commissioner to cancel the revocation of petitioner's license.

We believe that the police commissioner in revoking the license acted within his rights, and consequently the order should be reversed and the determination confirmed.

In answer to the petition, appellant sets forth three affirmative defenses. They are as follows:

" FOR A FIRST SEPARATE AND DISTINCT DEFENSE, RESPONDENT ALLEGES:

" *Fifth.* That petitioner has been the defendant in 13 prosecutions since 1924, all arising out of the manner in which he conducted himself as a taxi driver.

" *Sixth.* That with the exception of two charges of homicide with an automobile, one in 1924 and one this year on which defendant was discharged, all other prosecutions resulted in conviction and fine of the petitioner.

" *Seventh.* That petitioner has been brought up on charges on 9 separate occasions before the Hack Bureau of the Police Department for violation of the hack regulations. One of these charges in August of this year, involved the same homicide charge referred to in the preceding paragraph.

" *Eighth.* That petitioner has been involved in 19 accidents resulting in actions for property damage or personal injuries.

" *Ninth.* That two of the accidents in which petitioner was involved resulted in the death of human beings.

" *Tenth.* That the aforementioned Court record, police record and accident record of petitioner, lead to the conclusion that he has operated as a taxi driver in a careless, negligent and unlawful manner, and without proper regard for the life, safety and property of others.

" FOR A SECOND SEPARATE AND DISTINCT DEFENSE, RESPONDENT ALLEGES:

" *Eleventh.* That in view of the past history and record of petitioner, he is not qualified to drive a taxi in the city of New York.

" FOR A FURTHER SEPARATE AND DISTINCT DEFENSE, RESPONDENT ALLEGES:

" *Twelfth.* That the action of respondent in revoking petitioner's application was not arbitrary, capricious or unreasonable."

In addition thereto, the commissioner in an affidavit set forth in detail the charges upon which he based the revocation. It appears that a hearing was held at the hack bureau of the police department before a conclusion was reached. While the petitioner in his replying affidavit attempted to explain the different acts with which he was charged, he has failed to show that the action of the commissioner was arbitrary, capricious or unreasonable. For instance with reference to the number of accidents which are set forth in the answer, he asserts that they were brought about solely through the negligence and carelessness of third parties.

We believe it should be the duty of the police commissioner, in so far as he is able, to safeguard both pedestrian and vehicular traffic. If he is deprived of his right to regulate and control the actions of hack drivers in the use of public thoroughfares, he will be unable to fulfill his obligations in that regard toward the public. He has the power under title A of chapter 18 of the Administrative Code of the City of New York to grant licenses to hack drivers and by the same token he has the right in a proper case to refuse to renew, and to suspend or revoke.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied.