LONG ISLAND LIGHTING COMPANY, Plaintiff, *v.* MILO R. MALTBIE and Others, Individually and as Members of and Constituting the Public Service Commission of the State of New York, Department of Public Service, State Division, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants.*

Supreme Court, Special Term, Albany County, March 27, 1941.

---

* Affd., 262 App. Div. 376.

*Charles G. Blakeslee* [*Edward J. Crummey* and *John J. Donahue* of counsel], for the plaintiff.

*Gay H. Brown, Counsel to the Public Service Commission* [*Laurence J. Olmsted* and *Sherman C. Ward* of counsel], for the defendants.

BERGAN, J.   Plaintiff Long Island Lighting Company is a " gas corporation " and an " electric corporation " as those terms are defined by section 2 of the Public Service Law.   Defendants are the Public Service Commission and the members constituting the Commission.   Plaintiff is the owner of 48,868 shares of the Kings County Lighting Company which it acquired for $5,141,704.11 by the permission of the Public Service Commission.   The Kings County Lighting Company also is a " gas corporation."   Both it and the plaintiff, therefore, are corporations subject to the jurisdiction of the Public Service Commission.

The Commission, upon its own motion, has been investigating the plaintiff's method of accounting by a proceeding instituted in 1937 which is still pending.   In the course of this inquiry the Commission has introduced evidence into the record showing the result of an examination prepared by it of the records of the Kings company.   The resulting computations show depreciation of that company's property in accordance with the " straight-line " method of computation.   Plaintiff objected to this proof.   The purpose of this evidence is to make a finding of the value of the stock of the Kings company owned by the plaintiff, upon the basis of the " straight-line' " method of depreciation indicated by computations in the Commission's exhibit in the proceeding.

The Kings company itself does not use the " straight-line " method of accounting for depreciation, but, in accordance with the accounting rules promulgated by the Commission, uses the " retirement reserve " method of accounting for retirement and replacement of its property.   The method being used in the proceeding before the Commission for determining the book value of the stock of the Kings company owned by the plaintiff, therefore, is quite different from the basis of the book value of the stock as shown in the books of the Kings company itself.

Instead of using the book value shown by the method of accounting used by the Kings company with the approval of the Commission, as justification for the value of the stock held by plaintiff and thus reflected in its books, the plaintiff, to meet this proof in entirely different scope and character of " straight-line " depreciation now introduced by the Commission, must spend $100,000. It must also pay the Commission's expense in the inquiry into the

value of the property of the Kings company, of which it is merely a stockholder, as well as the expense of the Commission's inquiry into its own property and methods of accounting generally. (Pub. Service Law, § 18-a.)

The action is for a declaratory judgment. The facts I have stated constitute the substance of the complaint. The defendants move to dismiss the complaint upon the ground the facts do not state a cause warranting a judgment declaring the rights of the parties. For the purpose of this motion the facts pleaded are deemed to be conceded by the defendants.

The plaintiff's position in this action is that the Commission has no jurisdiction in a proceeding into plaintiff's accounts and records to conduct a collateral inquiry into the value of the property of the Kings company at the plaintiff's expense for the purpose of determining the value of the plaintiff's stock in that company. It is further contended by plaintiff that the Commission has no power to proceed to evaluate a depreciation of the Kings company's property upon a different basis from that allowed by the Commission to be followed by the Kings company itself. It is argued that the exhibit that has been offered indicates the course that the inquiry is taking into " straight-line " depreciation of the Kings company's property and the result that will be reached by the Commission. Such a method of evaluating depreciation, for the purpose of fixing rates at least, has been judicially disapproved.

Plaintiff further contends that this method of evaluating depreciation, departing as it does from the method followed by the Kings company, will require the plaintiff to spend the substantial sum named in the complaint to meet that proof so that plaintiff may be properly protected upon the facts as well as the law in a direct review by certiorari after the Commission has made its determination.

The plaintiff, so it further argues, is faced with the alternative of either spending this large sum to defend its position on the facts of the depreciation of the company in which it owns stock in order to review the legal question of the propriety of the procedure followed by the Commission, or if it does not controvert the facts and reviews only the propriety of the procedure upon certiorari, to take the risk of being held in error upon its legal contention and at the same time be before the court with an inadequate record. In either case the expense of the collateral inquiry into the Kings company property is being borne by plaintiff. Therefore, plaintiff contends that it presents the kind of controversy and disputed jural relation between it and the defendants to which the action for a declaratory judgment is useful and proper. (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305.)

Plaintiff asks that the judgment to be given declare: (a) That the method being followed by the Commission to determine the value of the stock of the Kings company is illegal, arbitrary, unduly burdensome and void; (b) that the Commission has no power to require plaintiff to make entries on its books of the value of the stock other than the amount paid for it, and that an order directing the entry of any other amount is void; (c) that the Commission has no power in the proceeding to examine into the property of the Kings company, to introduce evidence or to make a finding in respect thereof or in respect of the value of the stock held by plaintiff upon the basis of such an inquiry; (d) that the cost of the proceeding to plaintiff in relation to such examination renders the inquiry into the property of the Kings company confiscatory and arbitrary and hence void; (e) that the Commission has no power to assess against plaintiff the expense of this part of the inquiry.

The expense to the Commission of conducting this investigation is, by statute, a charge upon the utility. (Pub. Service Law, § 18-a.) It must be reasonably attributable to an investigation coming within the statutory duties of the Commission. The utility has the right to be heard by the Commission on the reasonableness of the charge, and such a determination is, of course, reviewable. The statute is constitutional and the court will not inquire into the question whether an investigation should be made, or its necessity, which are matters within the discretion of the Commission (*Bronx Gas and Electric Co.* v. *Maltbie*, 268 N. Y. 278.)

The Commission, as the complaint itself pleads, has jurisdiction over plaintiff. It is vested with inquisitional powers of broad calibre in respect of gas and electric corporations (Pub Service Law, § 66, subds. 4, 9 and 11.) It may prescribe the methods and forms of accounting. It may examine the accounts, books, con- tracts, records, documents and papers of such a corporation. It may conduct an inquiry into " any matter within its jurisdiction " under article 4 of the Public Service Law wh ch relates generally to gas and electric corporations. This is the general frame of its powers of inquiry as distinguished from its power to regulate.

This power includes, surely, the authority to inquire into the value of property owned by a corporation within the jurisdiction of the Commission. The Commission, thus broadly vested with the right to examine the affairs of a utility may not be precluded, in the scope of its proof at least, by what is shown on the books of the utility as value of property, or by what is shown in other records, corporate or private, as to value. Tangible property thus valued upon the utility's books would be a proper subject for an inde- pendent inquiry by the Commission. The fact such property might

otherwise be evaluated by contract, or by its owner if it were leased to the utility, or by public record, or even by the Commission's own prior findings, would not preclude inquiry and proof of facts indicating a different evaluation.

The Commission is not preceded in the scope of its inquisition by the mere form of a book value of corporate stock. It may receive evidence of a different value along any line of inquiry it deems germane to the exercise of its function. The Commission, and not the court, is the judge of the direction to be pursued, so long as the inquiry remains within the frame of powers delegated by the Legislature. By whatever form of procedure this question is presented for judicial solution, therefore, whether it be in the form of this action for a declaratory judgment, or for relief presently in pursuance of subdivision 2 of section 1296 of the Civil Practice Act, or after a determination has been made, under subdivisions 3 or 5 of that section, the answer to be given would be the same — that the Commission has the power to receive evidence in the scope complained of.

If the exercise of the power casts an unduly heavy burden of refutation, or of expense, relief must be sought from the Legislature.

No attempt, of course, can be made here to deal with the correctness of a determination in the proceeding before the Commission, not yet made, and existing only in the apprehensive forecast of the plaintiff. Adequate relief and correction are available to plaintiff for the injury of an erroneous result.

In the procedural aspect of the motion, the facts pleaded do not show a good case for a declaratory judgment. A corporation subject to the power of inquiry vested in an administrative body exercising, as this Commission does, legislative and quasi-judicial functions, cannot sue the body to obtain detailed judicial rulings upon the direction that the inquiry takes within the general jurisdiction of the administrative body.

If errors are committed in respect of a subject within the Commission's jurisdiction, they are to be corrected, like the errors of the law court, upon a review of the result Then the error can be fully assayed in the light of its influence upon the decision or order. This will usually be no more burdensome to the utility than to the ordinary litigant and the principle is equally applicable.

The alternative would invite an independent and converging lawsuit to adjudicate every debatable step of an inquiry or a trial. Only where the naked jurisdiction is challenged, and not the direction of its exercise, will the court interfere to end before its conclusion a proceeding conducted without or in excess of authority.

(Civ. Prac. Act, § 1296, subd. 2.) The facts here pleaded do not show confiscation of property under the extraordinary conditions which might require direct equitable intervention for relief against a rate determination. (*Consolidated Water Co. of Utica* v. *Maltbie*, 167 Misc. 269.) That remedy, when it exists, is against the enforcement of an order, and is not extended to a pending proceeding, the direction of which leads to expense in maintaining the inquiry or in refutation of proof.

Since a suit in law or equity is inappropriate in any stage to review the questions here raised, nothing is added by the precipitation of remedy which is the main function of the declaratory judgment. In *City of New York* v. *Maltbie* (274 N. Y 90) the form of action for a declaratory judgment was sanctioned (p. 100). But the sole question there was the jurisdiction of the Commission over the subject-matter in an action at the instance of a plaintiff (the City of New York) over which the Commission has no power of inquisition or regulation. In the Appellate Division (248 App. Div. 39) it was indicated that the complaint, which was dismissed by the Special Term upon the merits, could have been dismissed because of its form alone (p. 41). The opinion at Special Term (159 Misc. 276) considered only the merits of the controversy and not the form of remedy.

It was pointed out in *Kovarsky* v. *Brooklyn Union Gas Co.* (279 N. Y. 304, 313, 314), upon the authority of *City of New York* v. *New York Water Service Corp.* (274 N. Y. 100) and other cases, that the court may entertain jurisdiction of an action similar in form to this, but the determination quite largely depends upon the inadequacy of the legal remedy available. There it was found the consumer's remedies against a purported illegal service charge were inadequate and the form of action adopted, for an injunction and accounting as well as a declaratory judgment, was available.

The situation there presented was held to be distinguishable (p. 312) from that which existed in *New York State Electric and Gas Corporation* v. *Maltbie* (266 N. Y. 521) in which there was an order in a proceeding before the Commission to which the company was a party, " and it could have reviewed the order by certiorari, the usual practice, instead of instituting a new action. In the present action the plaintiff was not a party to the order fixing the rate, and thus he has not abandoned one method of review by seeking another." Upon the same principle, and for the same reason, I think the facts presented by this complaint are distinguishable from the facts considered in the *Kovarsky* case.

Nor are facts presented, as in *Post* v. *Metropolitan Casualty Ins. Co.* (227 App. Div. 156), which would render a declaration useful or

proper. On the contrary, a declaratory judgment in this stage of the proceeding would be fruitful in the production of litigation in every stage of an inquiry by the Commission which would tend to distort the pattern of public utility regulation in the State, and the orderly judicial review of public service determinations.

Complaint dismissed, without costs.

Submit order.