LONG ISLAND LIGHTING COMPANY, Appellant, *v.* MILO R. MALTBIE and Others, Individually and as Members of and Constituting the Public Service Commission of the State of New York, Department of Public Service, State Division, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondents.*

Third Department, July 2, 1941.

*Affg. 176 Misc. 1.

*Charles G. Blakeslee* [*John J. Donohue* and *Edward J. Crummey* of counsel], for the appellant.

*Gay H. Brown, Counsel to the Public Service Commission* [*Laurence J. Olmsted* and *Sherman C. Ward* of counsel], for the respondents.

BLISS, J. The complaint asks for judgment declaring that the method being followed by the Public Service Commission to determine the value of the common stock of the Kings County Lighting Company, owned by the plaintiff, is illegal, that the Commission has no power to direct the plaintiff to make any entry on its books with regard to such stock, or to make an examination of the books of the Kings County Lighting Company or its properties for the purpose of determining the depreciation existing therein, or any finding as to the value of its common stock, and that the Commission has no power to assess against the plaintiff the cost of making an appraisal of the property of the Kings County Lighting Company.

Plaintiff is a gas and electric corporation operating in Nassau and Suffolk counties. It owns 48,868 shares of the common stock of the Kings County Lighting Company, another gas and electric corporation, which it carries on its books at cost, $5,141,704.11. By order dated January 27, 1937, the Commission instituted a proceeding to investigate the methods of accounting employed by the Long Island Lighting Company, to ascertain whether or not particular outlays and receipts were properly charged, and for the purpose of determining what changes, if any, should be made in plaintiff's books and records. Hearings have been held and this proceeding is still pending. In this proceeding the Commission has permitted the introduction of evidence purporting to show the results of a detailed examination of the books of the Kings County Lighting Company, and the amount of depreciation accrued or existing in the properties of that company, computed under the "straight line" method. Neither company has ever adopted the "straight line" method of accounting for depreciation, and each has followed the "retirement reserve" method of accounting for the retirement and replacement of its properties. The complaint alleges that this evidence is illegal and that the Commission intends to make adjustments to the assets and liabilities of the Kings County Lighting Company as shown on its books of account and to require the plaintiff to enter upon its books

the value, thus determined, of the common stock of the Kings County Lighting Company owned by the plaintiff.

The plaintiff does not question the power of the Commission to conduct the investigation, but says that on such proceedings the Commission has illegally received evidence as to depreciation computed by the " straight line " method in the properties of the Kings County Lighting Company for the ultimate purpose of requiring the plaintiff to enter on its books the value of the stock of the Kings County Lighting Company as determined by the Commission and presumably based on such illegal evidence, and to charge off to earned surplus the difference between the value thus determined and the cost thereof. Thus far the plaintiff has been harmed in anticipation only. A proper proceeding was instituted and is now pending before the Commission. On such proceeding certain evidence has been received which is claimed to be illegal and plaintiff fears that an improper order will be based thereon. Such a situation is not sufficient reason for the maintenance of an independent collateral action to determine whether or not such evidence is illegal and to prevent, in advance, an anticipated illegal determination. The review provided by article 78 of the Civil Practice Act will adequately protect the plaintiff from such expected harm. An action for a declaratory judgment should not be used as a means of collateral attack on rulings upon evidence or to prevent an anticipated erroneous determination in a proceeding already pending before a tribunal of competent jurisdiction. Such use of this form of action would result in a multiplication of suits, and delay and obstructions of proceedings already properly pending and would retard the wheels of justice.

We see no reason for now passing upon the admissibility of the evidence or upon any anticipated decision of the Commission.

The order and judgment should be affirmed, with costs.

SCHENCK and FOSTER, JJ., concur; HILL, P. J., dissents in an opinion, in which CRAPSER, J., concurs.

HILL, P. J. (dissenting). The respondent Public Service Commission, on its own motion, is conducting an investigation of the capital account of the appellant, Long Island Lighting Company. Included in the assets are 48,868 shares of the stock of the Kings County Lighting Company. The value of the physical property of the Kings County Lighting Company is being ascertained by the application of the straight line theory of depreciation which, it is alleged, is being done with the purpose of requiring the appellant to charge off a large portion of the more than $5,000,000 which plaintiff

paid for the stock. Without discussing the extent of the juris-
diction of the respondent in connection with investment items of
the capital account of an operating utility, it would seem that,
assuming that the power over the books in this regard is plenary,
illegal and repudiated methods of evaluation may not be adopted.
" The power vested in the Commission to prescribe uniform
methods of keeping accounts and records * * * does not
include the power to compel a corporation to write off from its
book value a loss which it has not sustained or to give up a part
of its constitutional rights." (*People ex rel. Iroquois Gas Corp.* v.
*Public Service Comm.*, 264 N. Y. 17, 21.) Straight line depre-
ciation has been disapproved by the Supreme Court of the United
States (*McCardle* v. *Indianapolis Water Co.*, 272 U. S. 400), and
in the State of New York (*Matter of New York Edison Co.* v.
*Maltbie*, 244 App. Div. 685; affd., 271 N. Y. 103).

I favor a reversal of the judgment on the law and facts, with
costs.

CRAPSER, J., concurs.

Order and judgment affirmed, with costs, both as a matter of
law and in the exercise of discretion.