Cohn, J.
The suit is for a declaratory judgment brought by minority stockholders of defendant, the Gold and Stock Telegraph Company (hereinafter called Gold & Stock) in the corporation’s behalf for a judicial construction of a ninety-nine-year lease entered into in 1881, and running until 1981, between it and defendant Western Union Telegraph Company (hereafter called Western Union) whereby defendant Western Union leased from defendant Gold & Stock all of the property and the business of Gold & Stock.
The lease, which is annexed to the complaint, after setting forth the terms of the letting, states, among other things, that upon taking possession of the property Western Union shall have full right and authority to use and enjoy the same as fully as Gold & Stock might have done, had the agreement not been executed.
There is no allegation in the complaint that the agreement has been breached in any way by Western Union. It states, however, that a controversy exists between plaintiffs and Western Union concerning the interpretation of the lease as it bears upon the right of Gold & Stock to receive at the termination thereof, certain securities, or the proceeds of their sale or disposition, and the right of Gold & Stock to repossess at said time all the property, physical assets and business which it leased to Western Union.
Plaintiffs claim that by virtue of its approximately 60% stock ownership of Gold & Stock, defendant Western Union has been able to select and dominate the officers and directors of Gold & Stock. The gist of the complaint is that because Gold & Stock is thus controlled, no steps have been taken by it to have the controversy determined and that to delay the day of reckoning until the lease expires can only serve the interests of Western Union.
*212 In support of their claim that the declaratory action is now necessary, plaintiffs urge three points: (1) Lapse of time may make more difficult the establishment of essential facts, (2) Gold & Stock will be enabled to fulfill its present obligations to its stockholders and to the public, and (3) The proper functioning of Gold & Stock as a going concern at the expiration of the lease will thus be insured.
We are not persuaded that any one of the reasons set forth is sufficient to sustain a claim that a declaratory judgment is necessary. No authority has been submitted to support the contention that an action of this kind is maintainable for the purpose of preserving testimony. In any event, the rights of the two corporations would doubtless be dependent not upon oral testimony but upon the interpretation of the written lease and the nature of certain receipts which are reflected in bookkeeping entries. As to the assertion that a declaration is necessary to enable Gold & Stock to fulfill its obligations to its stockholders and to the public, it would seem that such a right is one which inures to the stockholders and not to the corporation. A present statement as to the assets of Gold & Stock conceivably might improve the market value of its shares but would produce no benefit to the corporation and would be no basis for a derivative suit in the name of the corporation. The third reason asserted is equally untenable. How a present declaration of the matters set forth in the complaint will insure a proper functioning of Gold & Stock in 1981 is not made to appear.
With every fair intendment accorded to the allegations of the complaint, we are of the view that the pleading does not show there is a justiciable controversy at the present time. No one can tell whether there will be any dispute in 1981, when the lease between the defendants expires and whether it will be to the best interests of Gold & Stock at that time to make the claims asserted by the minority stockholders in this action. In view of the provisions of the lease which expressly clothe Western Union with full authority to use, operate and enjoy the leased property for the full term of ninety-nine years “ as fully as G. & S. T. Co. might have done had this agreement not been executed,” there can be little support for plaintiffs’ contention that a determination now should be made as to what Western Union’s obligations will be with respect to the leased property in 1981. Indeed, in Johnson v. Western Union Tel. Co. (293 N. Y. 379) the Court of Appeals held that under the terms of this lease Western Union is under no requirement to segre *213 gate the proceeds of the sales of securities received “ or to presently account for, otherwise than is its present practice ” the proceeds of the sales of securities received from Gold & Stock. (See final judgment filed and entered in the New York Supreme Court, May 25, 1945.)
To sustain a derivative action by minority stockholders there must not only be a threatened wrong against the corporation which the suit is designed to remedy but there must also be a wrongful refusal by the corporate officials to institute suit in the corporation’s own behalf. (Hornstein v. Paramount Pictures, 37 N. Y. S. 2d 404, 417-418, affd. 266 App. Div. 659, affd. 292 N. Y. 468.) In this case we find neither one of these essential factors present. Aside from allegations of domination of officers and directors of the subsidiary Gold & Stock by the parent Western Union, the complaint alleges nothing other than the intercorporate relationship as a basis for interference by the courts with the right of the Gold & Stock directors to decide whether or not to bring the action which plaintiffs now attempt to maintain derivatively.
Here the minority stockholders are attempting to force a declaratory judgment in the absence of a clear showing of a present need therefor, some thirty years ahead of the time when the corporation’s ordinary right of action would accrue. Defendant Western Union suggests “ that the allowance of the present suit will open the door to a succession of future actions, the number of which would apparently be limited only by the ingenuity of man to think up possible questions as to all matters of accounting, past and future, for the whole period of a 99-year lease”. Our attention has been called to the fact that in the earlier action (Johnson v. Western Union Tel. Co., supra) plaintiffs were allowed large counsel fees. Though the propriety of those fees is not questioned by appellants, it is urged that - a multiplicity of actions such as this may be detrimental to the corporation as well as to the stockholders by the repeated allowance of such fees when there is no conceivable benefit to the corporation. (Cf. Weinberger v. Quinn, 264 App. Div. 405, 409, affd. 290 N. Y. 635;)
Since the situation in 1981 cannot be accurately forecast,' a suit on the termination of the lease might still be necessary even if previous actions were permitted. A declaratory judgment should not be granted where the action serves to increase rather than to decrease litigation or where it results in trying a controversy piecemeal. (Long Island Lighting Co. v. Maltbie, 176 *214 Misc. 1 [Sup. Ct. Albany Co., 1941], affd. 262 App. Div. 376 [3d Dept., 1941], affd. 287 N. Y. 691 [1942] ; Ætna Casualty & Surety Co. v. Quarles, 92 F. 2d 321, 325 [4th Cir. 1937].) The availability of a declaratory judgment in a stockholder’s derivative action, especially when sought in advance of maturing of rights, we agree should be restricted to cases where there is imminent danger of loss of rights to the corporation in whose behalf the action is brought. This case does not come within that classification. In view of this holding, it is unnecessary to pass upon the question as to whether section 61 of the General Corporation Law is applicable.
For the foregoing reasons we decide that the complaint should have been dismissed for legal insufficiency. We are of the view that in any event, in the exercise of the court’s discretion, the complaint should have been dismissed.
The orders should be reversed, with one bill of $20 costs and disbursements to appellants and motions to dismiss the complaint granted, with costs to appellants.
Dore, J. P., Callahan, Van Voorhis and Siiibntag, JJ., concur.
Orders unanimously reversed, with one bill of $20 costs and disbursements to the appellants and the motions to dismiss the complaint granted, with costs to the appellants.