In the Matter of MAISLIN BROS., Petitioners, against JAMES MAC-DUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, April 15, 1955.

*Alex Wiltse, Jr.,* for petitioners.

*Jacob K. Javits, Attorney-General (Henry S. Manley and Lawrence H. Wagner* of counsel), for respondent.

TAYLOR, J.   The petitioners are common carriers who have been granted a certificate of public convenience and necessity by the Interstate Commerce Commission to engage in the performance of transportation service between points in Canada and points in New Jersey over highway 9-W among other routes. Pursuant to a notice of hearing to investigate two convictions each in violation of the Vehicle and Traffic Law pertaining to the operation upon the public highway of an overweight vehicle to determine " whether any suspension or revocation of licenses and/or registrations should be made ", the petitioners, citing *Castle* v. *Hayes Freight Lines* (348 U. S. 61), appeared and raised objections to the continuance of the hearing on the basis that the respondent had no jurisdiction to suspend or revoke the registration of the vehicle — the same one was involved on both occasions — for the reason that they were engaged at the time of the violations in interstate commerce. The hearing commissioner overruled the petitioners' objections. Thereafter they instituted this proceeding presumably under article 78 of the Civil Practice Act in the nature of prohibition to prevent the respondent from continuing the pending hearing and from making any determination which would involve the suspension or revocation of their registrations or licenses.

The Commissioner of Motor Vehicles has jurisdiction under the Vehicle and Traffic Law to entertain proceedings against registrants and licensees of motor vehicles in this State. (Vehicle and Traffic Law, §§ 70, 71.)   Since he has such jurisdiction, even the erroneous use of it to their detriment which the petitioners obviously anticipate, would not justify the exercise of the court's discretion to invoke the extraordinary, unusual and little favored remedy of prohibition. (*Matter of Quinby* v. *Public Service Comm.,* 223 N. Y. 244, 254; *Matter of Gifts by Wire* v. *Bruckman,* 253 App. Div. 350, affd. 278 N. Y. 499; *Long Island Lighting Co.* v. *Maltbie,* 176 Misc. 1, affd. 262 App. Div.

376, affd. 287 N. Y. 691.) Remedies both *pendente lite* and permanent would be available to the petitioners in a proper case to correct any error which might result from the continuation of the hearing. (Civ. Prac. Act, §§ 1296, 1299, 1300.)

The respondent's motion to dismiss the petition is granted, without costs.

Submit order.