Samuel M. Gold, J.
Plaintiff’s motion for a temporary injunction and defendants’ cross motion to ' dismiss the complaint are before the court for determination.
The complaint alleges that plaintiff is and was a general contractor, specializing in large and substantial construction contracts ‘ ‘ including relatively few but large and varied construction projects that in the summer of 1953 defendants’ representatives audited plaintiff’s records for the purpose of determining whether a claim should be asserted against plaintiff for a deficiency in sales tax payments due, as the result of purchases of personal property by plaintiff in connection with its construction projects, for the period from April 1, 1950 to March 31, 1953; that the only records examined by defendants pertained to the construction of two buildings for Mt. Sinai Hospital; that defendants determined that taxable sales represented 6.026% of the gross amount of the Mt. Sinai contract; that this percentage was applied to gross billings on all work done by plaintiff for said three-year period and that a notice of determination of a deficiency in sales tax payments resulted.
The complaint alleges that in addition to the Mt. Sinai project, plaintiff, during the three-year period in question, performed seven other construction contracts in New Tork City; that the formula arrived at as the result of examining the Mt. Sinai project records was, to defendants’ knowledge, inapplicable to plaintiff’s other contracts because ‘1 hospital construction was unusual in that it normally entailed the incorporation of considerable quantities of material which defendants might claim was personalty subject to sales tax levy, whereas, the normal construction activities of plaintiff would include the erection of structures of a different nature that at informal hearings before an Official Referee plaintiff also claimed (1) that the formula failed to credit plaintiff with sales tax payments made by it to its subcontractors, who, in turn, had paid the taxes to the city and (2) that plaintiff’s right, under its contracts with *578 its subcontractors, to be reimbursed for sales taxes which plaintiff is required to pay to the city, would be impaired or defeated if such taxes were assessed and paid under a blanket formula without any specification of the transactions which were taxable; that at the close of the informal hearings the “ Notice of Determination ” was approved without substantial change.
It is further alleged that formal hearings were then commenced; that at such hearings plaintiff contended that defendants’ application of the Mt. Sinai formula to its other contracts was illegal and placed upon plaintiff the expensive burden of offering proof as to each subcontract involved in all its other projects to show to what extent, if any, transactions requiring the payment of sales taxes were involved, but that defendants, however, adhered to their position. Plaintiff accordingly seeks a declaratory judgment (1) that the application of the Mt. Sinai formula to its other contracts is illegal, (2) that the hearings be limited to the transactions involved in the construction for Mt. Sinai Hospital and (3) that the notice of determination be vacated without prejudice to the service of a new one ‘ ‘ in conformity with the court’s decision ”.
On the basis of this complaint, plaintiff seeks an injunction pendente lite, restraining defendants from continuing with the pending proceeding for the assessment and collection of plaintiff’s alleged sales tax deficiency.
Defendants’ motion to dismiss is made under rule 212 of the Buies of Civil Practice which authorizes the court, if in its opinion ‘ ‘ the parties should be left to relief by existing forms of actions, or for other reasons ”, to decline to pronounce a declaratory judgment, and (2) under subdivision 4 of rule 106 of the Buies of Civil Practice on the ground that a proper case for a declaratory judgment has not been made out in the complaint.
A motion to dismiss the complaint in a declaratory judgment action before answer raises the question whether a proper case for a declaratory judgment is stated in the complaint (Rockland Power & Light Co. v. City of New York, 289 N. Y. 45, 50, 51). Indeed, failure to move to dismiss before answer may constitute a waiver of the objection (New York Post Corp. v. Kelley, 296 N. Y. 178, 189).
In the court’s opinion the complaint fails to make out a good case for invoking the remedy of a declaratory judgment action. Plaintiff does not claim that it is exempt from liability for sales taxes upon purchases made by it. Its contention is merely that the comptroller has erred in the computation of the amount *579 of plaintiff’s liability for such taxes, by reason of the fact that he has applied the so-called Mt. Sinai Hospital formula to contracts which do not involve hospital construction. Assuming, arguendo, that the application of the formula to nonhospital jobs was and is improper, it does not follow that an action for a declaratory judgment should be permitted to take the place of the remedy provided by article 78 of the Civil Practice Act for the review, ‘ ‘ for error, illegality or unconstitutionality or any other reason whatsoever ” of the comptroller’s determination (Administrative Code of City of New York, § N41-7.0).
The normal and orderly procedure contemplated by the taxing statute and approved by the courts calls for hearings before the comptroller, and, in the event of dissatisfaction with his determination, for the institution of an article 78 proceeding, in the nature of the former certiorari proceeding. Cases in various fields of the law support the well-established doctrine that a litigant must ordinarily exhaust his administrative remedies before seeking relief in the courts (People ex rel. Broadway & 96th St. Realty Co. v. Walsh, 203 App. Div. 468; Matter of Gifts by Wire v. Bruckman, 253 App. Div. 350; Domanick v. Triboro Coach Corp., 259 App. Div. 657; Long Island Light Co. v. Maltbie, 176 Misc. 1, affd. 262 App. Div. 376, affd. 287 N. Y. 691).
Plaintiff concedes that it may review an adverse determination by the comptroller, at the close of the pending hearings, in an article 78 proceeding. It contends, however, that adoption of this course will subject it to great and unnecessary expense in establishing the sales tax status of each and every transaction involved in its various contracts for the three-year period in question. Plaintiff accordingly urges that the court should entertain an action for a declaratory judgment while the hearings before the comptroller are pending. A very similar claim was made and overruled in Long Island Light Co. v. Maltbie (supra). In that case a hearing was pending before the Public Service Commission to determine the value of plaintiff’s stock. The commission permitted evidence of depreciation by the “straight line” method rather than by the “retirement reserve ” method of accounting which plaintiff had been employing. The latter claimed that the “ straight line ” method was inapplicable and illegal. It brought an action for a declaratory judgment to that effect, contending that a ruling in its favor in such action would obviate the necessity of its spending (176 Misc. 1, 2) $100,000 to meet the proof offered on the theory of ‘‘ straight line ’ ’ depreciation. The holding, affirmed by both the Appellate Division and the Court of Appeals, was that the *580 case was not a proper one for a declaratory judgment. Thé Appellate Division declared that review of the commission’s determination by an article 78 proceeding would adequately protect the plaintiff’s rights and that to allow the practice adopted by the plaintiff (262 App. Div. 376, 378) “ would result in a multiplication of suits, and delay and obstructions of proceedings already properly pending and would retard the wheels of justice ”. This court is in complete agreement with this observation of the Appellate Division. To permit actions for declaratory judgments as to the correctness and legality of methods employed in computing tax liability or as to the propriety of evidence adduced before a commission, comptroller or other body or official, would disrupt orderly procedure, and unnecessarily increase litigation by having the same questions affecting a plaintiff’s liability determined in a declaratory judgment action and the remaining questions decided in an article 78 proceeding.
No ease cited by the plaintiff or which has come to this court’s attention is authority for the maintenance of a declaratory judgment action in a situation such as that here presented. Iu Dun & Bradstreet v. City of New York (276 N. Y. 198) the question involved was whether plaintiff’s business was taxable at all under the taxing statute, a question of jurisdiction. In Booth v. City of New York (268 App. Div. 502, affd. 296 N. Y. 573) the ease was declared to be an exception to the general rule, that the statutory remedy was to be followed because the comptroller’s interpretation would increase court costs which are exclusively under the control of the courts and the Legislature. In that case, also, the question was whether the plaintiff was taxable at all, i.e., a question of jurisdiction. In Saltser & Weinsier v. McGoldrick (295 N. Y. 499) the question was whether the comptroller had authority to revoke deficiency determinations years after they had been made and redetermine the alleged deficiencies. In all these cases a favorable determination of the claim made in the declaratory judgment action would render unnecessary any hearings by the comptroller, since the plaintiff would not be taxable at all. This distinction is pointed out in All American Bus Lines v. City of New York (268 App. Div. 508, 509) where the court permitted the maintenance of a declaratory judgment action because the plaintiff claimed entire lack of jurisdiction over it. The court distinguished the case from Olive Coat Co. v. City of New York (283 N. Y. 733) on the ground that in the latter case the taxpayer was subject to tax as to at least part of its income. The same distinction is expressed in Roosevelt Field v. Town of *581 North Hempstead (197 Misc. 621, 626) where Mr. Justice Froessel (now Judge of the Court of Appeals) said: “ it is well settled that where a public body acts entirely without jurisdiction, ” * * even though certiorari were available, the remedy of a declaratory judgment is appropriate ”. (Italics supplied.)
In Socony-Vacuum Oil Co. v. City of Neiv York (247 App. Div. 163, affd. 272 N. Y. 668) the Appellate Division declared that the declaratory judgment action was permissible only because of the “ unusual and extraordinary ” (p. 167) circumstances. The court stressed the fact that the question presented was whether a sales tax was properly imposed upon Federal and State taxes and that the plaintiffs were only tax collectors and, as such, did not possess the remedy available to taxpayers. The court expressly distinguished cases where the plaintiffs in the declaratory judgment actions were taxpayers and, therefore, possessed of other remedies.
Since the court, for the reasons indicated, is of the opinion that the complaint must be dismissed on the ground that it does not present a proper case for the maintenance of a declaratory judgment action, it is unnecessary to consider whether the method used to determine plaintiff’s sales tax liability is illegal or erroneous. It is worthy of note that the complaint itself alleges that one of the seven projects other than the Mt. Sinai job also involved hospital construction (St. Alban’s Naval Hospital) and that the allegations of the complaint are consistent with the possibility that the two hospital jobs accounted for the great bulk of plaintiff’s gross business in New York City during the three-year period involved. Affidavits submitted by defendants state, without contradiction by plaintiff, that the two hospital projects accounted for 70% of plaintiff’s gross business. Use of a formula instead of examination of each transaction is not necessarily illegal or erroneous. It has been upheld in a number of cases (Matter of Hillman Periodicals v. Gerosa, 285 App. Div. 441, affd. 308 N. Y. 982; Matter of Grant Co. v. Joseph, 286 App. Div. 995; see, also, Matter of Gandolfi & Co., 42 F. Supp. 706; Matter of Garfield Bag & Stationery Co., 42 F. Supp. 708). In this connection it should be observed that although plaintiff complains, in essence, of defendants’ failure to examine all its records, instead of only those pertaining to the Mt. Sinai project, it appears that when defendants were willing to examine additional records, plaintiff failed to furnish them. Although there is a dispute as to whether defendants wished to examine the records of all of plaintiff’s contracts, other than those pertaining to the Mt. *582 Sinai job, or only some of them, it is undenied that plaintiff failed to produce at least some of the additional records, claiming they were unavailable.
The motion to dismiss is granted and the motion for a temporary injunction denied.