Joseph A. Brust, J.
In this proceeding under article 78 of the Civil Practice Law and Rules to prohibit the Hack Bureau, Division of Licenses of the Police Department of the City of New York, and Michael J. Murphy, individually and as Police Commissioner of the City of New York, from continuing to assume jurisdiction in the proceeding arising from a complaint which charges petitioner with “ reckless driving,” “ assault ”, and “ interference with taking a witness’ statement,” which proceeding is now pending before them, respondents move to dismiss the petition pursuant to subdivision (f) of section 7804 of the Civil Practice Law and Rules, for failure to allege facts which establish a clear legal right to the relief sought.
The sole issue raised by the petition and cross motion is whether or not the Hack Bureau has jurisdiction to hear and determine the charges filed against petitioner.
A complainant wrote to the Hack Bureau, on July 1,1963, and stated that petitioner had operated his taxicab in a manner which endangered the safety of complainant and his wife. He further *640 stated that petitioner had interfered with his attempt to obtain the name and address of a witness to the incident who was a passenger in the taxicab. A hearing was held by the Hack Burean on August 7,1963 at which time petitioner was afforded an opportunity to appear with counsel and witnesses to answer charges of violation of rule 101 of the Police Department Buies and Begulations governing drivers of public taxicabs, specifically “ reckless driving”. During the hearing additional charges of assault and interference with obtaining a witness’ statement were added to the complaint. A motion to dismiss the original charge against petitioner because of lack of jurisdiction in the Hack Bureau to hear it was denied. The hearing was adjourned until September 4,1963. On August 9,1963 petitioner requested the commanding officer of the Police Department, Division of Licenses (the appropriate appellate officer in that agency) to dismiss the charges against him, which request was denied on August 14, 1963. Now petitioner seeks a stay of any proceedings against him by respondents, and a determination that respondents are without jurisdiction to hear these charges.
Section 436 of the New York City Charter grants the Police Commissioner the power, in his discretion, to make rules and regulations governing the operations of hacks, as are not inconsistent with any other provision of law, including, specifically, the power to “issue, revoke and suspend licenses ”. Section 436-2.0 of the Administrative Code contains the expression of the legislative body concerned to the effect that such regulation is necessary by virtue of the nature of the taxicab industry and paragraphs 40 and 41 of subdivision l of section 436-2.0 of the Administrative Code of the City of New York contain the grant of authority to act to the Police Commissioner and the Hack Bureau. Paragraph 27 of subdivision f and paragraph 38 of subdivision k of that section provide that the Hack Bureau and the Police Commissioner, respectively, may suspend or revoke licenses if the driver or holder thereof fails to comply with the provisions of the code or the regulations of that bureau. Buie 101 of the rules promulgated by the Police Commissioner provides that violation of the rules, or any ‘1 actions of a driver which are against the best interest of the public * * * may result in suspension or revocation of license ”. Paragraph 18 of subdivision f of section 436-2.0 provides, in pertinent part, that every applicant for a license must, if required by the Commissioner, demonstrate his skill in driving an automobile; the clear intendment of that section being to afford the Commissioner power to enforce the requirement that only skilled drivers may operate hacks. It seems implicit, within these statutory grants, *641 that the Commissioner has the power to consider charges of reckless driving made against hack operators.
Petitioner is not here raising questions concerning a lack of due process in the proceedings, nor of some unfair and inequitable punishment imposed — he contends solely that a lack of jurisdiction exists. An erroneous use of jurisdiction does not justify issuance of an order such as that herein requested. (Matter of Maislin Bros. v. Macduff, 207 Misc. 627.) It is clear from the above-cited statutes and ordinances that the Commissioner does have the jurisdiction to revoke or suspend licenses in the proper case. As stated by the court in Matter of Ostroff v. Valentine (257 App. Div. 314, 316) “ it should be the duty of the police commissioner * * * to safeguard both pedestrian and vehicular traffic. If he is deprived of his right to regulate and control the actions of hack drivers * * * he will be unable to fulfill his obligations in that regard toward the public. He has the power under * * * the Administrative Code * * * to grant licenses to hack drivers and by the same token he has the right in a proper case to refuse to renew, and to suspend or revoke.” Of course, as petitioner contends, a regulation is invalid if promulgated by an administrative official or agency without the scope of the legislative grant of authority. However, it would be a strained and unnecessarily restrictive interpretation of the above-cited laws to hold that respondents, who are given the authority to regulate, who must initially pass upon the driving ability of applicants for hack licenses, and who are charged with the duty of accepting reports by owners concerning license holders’ continued fitness to hold their licenses do not have jurisdiction to hear complaints of reckless driving and other charges of the nature herein concerned all of which grow out of and are related to the operation of taxicabs. Sufficient remedies exist to protect petitioner against findings without evidentiary basis or against abuses of respondents’ discretion.
Accordingly the petition is dismissed.