■ JOHN KERR, Respondent, v. UNDERWRITERS ADJUSTING COMPANY et al., Defendants, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellants.— Judgment unanimously reversed, without costs, and complaint dismissed. Memorandum: The respondent Kerr is a detective employed by the defendant Village of North Syracuse. While in the performance of his duties he was struck by an automobile owned by appellant Rice and insured by appellant State Farm Mutual Automobile Insurance Company. Respondent has collected benefits under the provisions of section 207-c of the General Municipal Law, and he has also been paid workmen's compensation benefits pursuant to a compensation insurance policy between the village and the defendant Glens Falls Insurance Company. Kerr then instituted a personal injury action against appellant Rice in which he sought damages for personal injuries, medical and hospital expenses and lost wages. Glens Falls Insurance filed a lien with State Farm for reimbursement of the compensation benefits it had paid to Kerr (see Workmen's Compensation Law, § 29, subd. [1]; § 30, subd. [3]). That personal injury action is now pending. Thereafter, Kerr commenced this declaratory judgment action and obtained

summary judgment declaring that (1) the Village of North Syracuse had a direct cause of action against defendant for benefits it had paid Kerr (see General Municipal Law, § 207-c, subd. [6]), (2) the compensation carrier has a lien upon any verdict or settlement obtained from defendant Rice (Workmen's Compensation Law, § 29, subd. [1]), and (3) the plaintiff may prove his special damages and lost earnings in the personal injury action. In bringing this declaratory judgment action plaintiff has chosen the wrong remedy. The plaintiff is seeking a premature ruling on evidentiary and substantive matters which should be resolved in his personal injury action and not preliminarily in a collateral action (*Long Is. Light. Co.* v. *Maltbie,* 262 App. Div. 376, affd. 287 N. Y. 691). The trial court, in the proper exercise of its discretion, should have denied the motion for summary judgment and dismissed the complaint. (Appeal from judgment of Onondaga Special Term in declaratory judgment action.) Present — Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.